# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | Case No. CR-16-60-GF-BMM |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| JANELLE RED DOG, | |
| Defendants. | |

Defendant Janelle Red Dog's (Red Dog) Unopposed Motion for Postponement of Trial and for Extension of all Deadlines (Doc. 13), is now before the Court. The Government does not oppose this motion. Red Dog seeks a continuance of her trial in this matter, currently scheduled for November 21, 2016.

700 pages of discovery and 22 CDs have been produced by the government, including an autopsy from the Montana Department of Justice. In order for Red Dog's counsel to fully investigate the case, he must consult with and possibly retain a medical doctor. Because of these facts and the complexity of this case, Red Dog's counsel needs additional time to prepare this case for trial.

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial date when "the ends of justice

served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, <u>inter alia</u>, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective reparation. *Id*. §3161(h)(7)(B). An "ends of justice continuance. . . must be specifically limited in time [and] must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]." *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

A continuance of the trial is appropriate under 18 U.S.C. §§3161(h)(7)(A), (B)(i) and (B)(ii). The ends of justice served by a continuance outweighs the interests of the Defendant and the public in a speedy trial. The failure to grant a continuance would deny Red Dog and her counsel the reasonable time necessary for effective trial preparation, resulting in a potential miscarriage of justice.

Accordingly,

**IT IS HEREBY ORDERED** Defendant's Unopposed Motion to Vacate Trial Settings, (Doc. 13), is **GRANTED**.

**IT IS ALSO ORDERED** that the final pretrial conference and jury trial set for November 21, 2016, are **VACATED**. The final pretrial conference is rescheduled for **Monday, February 27, 2017 at 8:30 a.m.** The parties are to report to the chambers of the undersigned. The jury trial is rescheduled for **Monday, February 27, 2017 at 9:00 a.m.** in the Charles N. Pray Courtroom at the Missouri River Federal Courthouse, Great Falls, Montana. The plea agreement/notice of intent to proceed to trial deadline is **February 14, 2017.** The Jury Instructions and Trial Briefs are due by **February 21, 2017.**

**All time between the date of this Order and February 27, 2017, shall be excluded for purposes of speedy trial**.

DATED this 25th day of October, 2016.

_____
Brian Morris
United States District Court Judge